UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KOREE D. BOYD,

                       Plaintiff,                    REPORT AND
                                                      RECOMMENDATION
          -against-

                                                            CV-04-2128 (SJF)(ETB)

OFFICER JOHN DOE #1, OFFICER JOHN DOE #2,
OFFICER JOHN DOE #3, OFFICER JOHN DOE #4,
and COUNTY OF SUFFOLK,

                       Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE SANDRA J. FEUERSTEIN, UNITED STATES DISTRICT JUDGE:

      Pro se plaintiff, Koree D. Boyd ("plaintiff" or "Boyd"), brings this action against Officer John Doe #1, Officer John Doe #2, Officer John Doe #3, Officer John Doe #4, and the County of Suffolk (collectively "defendants"), alleging that he was abused by the aforementioned unidentified officers during his incarceration at the Suffolk County Correctional Facility on April 7, 2004. For the reasons explained herein, this action should be dismissed pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(C), and 41(b). This action should also be dismissed for plaintiff's failure to identify a tortfeasor.

## BACKGROUND

      Boyd was incarcerated in the Suffolk County Correctional Facility at 110 Center Drive, Riverhead, New York, at the time that he was allegedly attacked by four unidentified corrections officers on April 7, 2004. (Pl.'s Compl. at 4.) Plaintiff maintains that, at approximately 8:45 p.m., he was returning to his cell on the fourth floor when he "was approached" and choked by the corrections officer who was sitting at the information desk (hereinafter "Officer John Doe #1"). (Id.) Plaintiff also alleges that a second corrections officer (hereinafter "Officer John Doe #2")

-1-

proceeded to hold his chin up and punched him in the "chest and stomach area" while two other guards (hereinafter "Officer John Doe #3" and "Officer John Doe #4") stood watch. (Id.) When the plaintiff asked the officers why they attacked him, Officer John Doe #1 allegedly said, "Shut the fuck up!" (Id.) Shortly thereafter, Officer John Doe #1 allegedly told the plaintiff to expect similar attacks in the future, and plaintiff said that he was calling his lawyer. (Id.) Officer John Doe #1 allegedly replied, "Sure, what the well fare [sic] lawyer you fucking young punk!" (Id.)

Having incurred neck and chest injuries during the attack, plaintiff underwent medical treatment on April 21, 2004. (Id.) Plaintiff also had an X-ray test conducted on that date. (Id.) In addition to allegedly sustaining physical injuries, plaintiff alleges that he suffered unspecified emotional damage resulting from the conduct of the four corrections officers on April 7, 2004. (Id. at 5.)

Between April 7, 2004 and April 21, 2004, plaintiff filed a grievance form with the corrections department setting forth the facts and alleging that he was abused by four corrections officers at the Suffolk County Correctional Facility in Riverhead, New York. (Id. at 2.) The matter was unresolved at the time that plaintiff filed his complaint on May 20, 2004. (Id.)

The guards who allegedly attacked the plaintiff at the Suffolk County Correctional Facility on April 7, 2004 were "white males." (Id. at 4.) Plaintiff further described Officer John Doe #1 as the desk officer on the fourth floor of the southwest wing who was "about 5'-10", 170 lbs. with low black hair and a slight bald spot . . . ." (Id.) According to the complaint, Officer John Doe #1 also accompanied a female colleague who was delivering mail to plaintiff on April 21, 2004. (Id.) Plaintiff alleges in the complaint that Officer John Doe #2 was roughly "6'-4", 230 lbs. . . . ." (Id.) Despite his complaint and descriptions, to date plaintiff has not identified any of the corrections officers who allegedly attacked him on the date in question. (Id.)

On May 17, 2004, plaintiff delivered his complaint to prison authorities for filing at the United States District Court for the Eastern District of New York. (Id. at 5.) The complaint was filed on May 20, 2004. ("Pro Se Check Sheet.") Assistant County Attorney Richard T. Dunne (hereinafter "Dunne") of the Suffolk County Attorney's Office answered the complaint on behalf of the defendants on September 2, 2004, requesting dismissal of plaintiff's complaint for failure to state a cause of action under Rule 12(b)(6) and failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). (Defs.' Ans. at 1-4.)

Plaintiff was released from the Suffolk County Correctional Facility on September 17, 2004. On October 27, 2004, the Court mailed plaintiff an Order re-scheduling the initial conference from September 14, 2004 to November 18, 2004. The scheduling Order was mailed to the plaintiff at 11 Brooklyn Avenue, North Babylon, New York, which is the forwarding address the plaintiff gave to the Suffolk County Correctional Facility. The plaintiff failed to appear at the initial conference.

At the initial conference on November 18, 2004, Assistant County Attorney Dunne further informed the Court that the plaintiff was served with interrogatories and a deposition notice, but failed to respond or otherwise communicate with the Suffolk County Attorney's Office. At the conference, the undersigned issued an order setting a discovery deadline of May 15, 2005, and scheduling the final conference for May 25, 2005. (Order by Judge Boyle dated November 18, 2004.)

The plaintiff failed to appear at the May 25, 2005 final conference, and has not otherwise communicated with the Court in any way. At the conference on May 25, 2005, Assistant County Attorney Dunne informed the Court that plaintiff has not had any contact with his office, despite the service of the Court's order dated November 18, 2004 on plaintiff, at his residence, on December

6, 2004. Based on the plaintiff's repeated failures to appear or otherwise communicate with the Court or Dunne, an Order to Show Cause was issued directing the plaintiff to appear in court on June 22, 2005, and show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for abandonment, and Rule 16(f) for failure to comply with the Court's order. A copy of the order was served by Dunne on the plaintiff on May 25, 2005. The plaintiff failed to appear or otherwise communicate with the Court at the Show Cause Hearing on June 22, 2005.

On July 15, 2005, the Court obtained a copy of the Suffolk County Correctional Facility's Inmate Grievance Program procedures from the Suffolk County Sherriff's Office. (Fax Cover Sheet from Lt. Inv. John Nolan dated July 15, 2005.) The Sheriff's Office stated that the procedures went into effect on April 1, 2003.

## DISCUSSION

I. <u>Plaintiff's Claim Should Be Dismissed Pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(C), and 41(b)</u>

    A. <u>Plaintiff's Claim Should be Dismissed Pursuant to Rules 16(f) and 37(b)(2)(C)</u>

Pursuant to Federal Rule of Civil Procedure 16(f), "if no appearance is made on behalf of a party at a scheduling . . . conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D)." Rule 16(f), Fed. R. Civ. P. <u>See also</u> <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1133 n.6 (2d Cir. 1986). A court may dismiss the action under Rule 37(b)(2)(C). Rule 37(b)(2)(C), Fed. R. Civ. P. <u>See also</u> <u>Yannitelli v. Navieras De Peurto Rico</u>, 106 F.R.D. 42, 44 (S.D.N.Y. 1985).

The plaintiff here received notice of the November 18, 2004, May 25, 2005, and June 22,

2005 proceedings at his 11 Brooklyn Avenue, North Babylon, New York, address after he was released from jail. Nevertheless, plaintiff failed to appear at said conferences or otherwise communicate with the Court. Plaintiff's claim therefore should be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C) because plaintiff failed to appear at any pretrial conferences or otherwise participate in this action.

B. <u>Plaintiff's Claim Should be Dismissed Under Rule 41(b)</u>

Under Federal Rule of Civil Procedure 41(b), the court may dismiss the plaintiff's complaint if the plaintiff fails to prosecute his claim or comply with a court order. Rule 41(b), Fed. R. Civ. P. <u>See also</u> <u>Jones v. Pearson</u>, No. 03 Civ. 8987, 2004 U.S. Dist. LEXIS 18679, at *2 (S.D.N.Y. Sept. 13, 2004) ("A district court has the inherent power to dismiss a case . . . for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."); <u>West v. Gilbert</u>, 361 F.2d 314, 316 (2d Cir. 1966) (per curium), <u>cert. denied</u>, 385 U.S. 919, 87 S. Ct. 229, 17 L. Ed. 2d 143 (1966) ("The District Court has the power to dismiss for failure to prosecute, on its own motion."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted.").

Accordingly, the United States Court of Appeals for the Second Circuit has said that a district court considering a dismissal under Fed. R. Civ. P. 41(b) should look to:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calender congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d. Cir. 1988)); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

On May 18, 2005, the Court issued an Order to Show Cause directing the plaintiff to appear before the undersigned on June 22, 2005, and explain why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Despite receiving adequate notice, plaintiff neglected to answer or otherwise respond to the Court's order. Accordingly, plaintiff has not complied with the Court's Order to Show Cause and this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

This action should also be dismissed under Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute his claim. Plaintiff has not participated in this action since his release from the Suffolk County Correctional Facility. Although duly notified, plaintiff did not appear at the November 18, 2004 initial conference and has failed to participate in discovery. Plaintiff failed to respond to the Court's May 25, 2005 Order to Show Cause directing him to appear before the undersigned on June 22, 2005, and explain why this action should not be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). In addition, plaintiff failed to comply with the defendants' discovery demands served at the outset of this action. Accordingly, the plaintiff's action should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute his claim.

II.     Judicial Notice Pursuant to Federal Rule of Evidence 201

Federal Rule of Evidence 201(b) provides for judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b), Fed. R. Evid.

See also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998). A federal court is authorized to take judicial notice sua sponte. Rule 201(c), Fed R. Evid. According to Federal Rule of Evidence 201(e), "A party is entitled upon timely request to an opportunity to be heard as to the priopriety of taking judicial notice and the tenor of the matter noticed." Rule 201(e), Fed. R. Evid. See also Bulova Watch Co. v. Hattori & Co., Ltd., 508 F. Supp. 1322, 1328 (E.D.N.Y. 1981). In the alternative, a party who does not receive advance notice of the court's decision to take judicial notice may request an opportunity to be heard "after judicial notice has been taken." Rule 201(e), Fed. R. Evid. See also Bulova, 508 F. Supp. at 1328.

The plaintiff, as an inmate at the Suffolk County Jail, is subject to the Inmate Grievance Program (hereinafter "program"). The program procedures require that "[u]pon admission, a processing unit officer will ensure that each inmate receives and signs for a copy of the Inmate Rules of Conduct, which will include instructions for the inmate grievance program process." (Inmate Grievance Program at 2.) While the parties have not been heard on this issue, the Court finds that the parties cannot reasonably dispute the existence of the program, and therefore takes judicial notice of the program pursuant to Federal Rule of Evidence 201.

    A.    <u>Plaintiff Exhausted the Available Administrative Remedies</u>

Pursuant to 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (1996). Until recently, the United States Court of Appeals for the Second Circuit maintained that a prisoner who sued the government because corrections officers violated his constitutional rights by assaulting him did not have to exhaust administrative remedies. Nussle v. Willette, 224 F.3d 95, 101 (2d Cir.

2000) ("The plain meaning of 'prison conditions' in § 1997e(a) does not obviously encompass particular instances of excessive force or assault . . . ."). However, the United States Supreme Court reversed the Second Circuit's position and held that the Prison Litigation Reform Act's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

An inmate at the Suffolk County Correctional Facility can exhaust his administrative remedies by participating in the program. Pursuant to the program's procedural rules, the inmate can initiate the formal grievance process by submitting an inmate grievance form to the grievance coordinator within five days of the alleged incident. County of Suffolk Inmate Grievance Program Procedures at 2. Upon submission of the inmate grievance form, the grievance coordinator shall investigate the grievance and issue "a written determination" within five days. Id. at 3. In order to obtain review of the grievance coordinator's determination by the warden, the aggrieved inmate must appeal within two business days of receiving the grievance coordinator's decision. Id. at 3. The warden will issue a written determination of the grievance in five days, at which time the inmate is entitled to appeal the warden's written decision to the New York State Commission of Correction by returning the proper inmate grievance form to the grievance coordinator within three business days of receiving the warden's determination. Id. at 3-4. The grievance coordinator will send "all documentation pertaining to the grievance to the Citizen's Policy Complaint Review Council (CPCRC) for final determination and notify the inmate in writing that the grievance has been forwarded." Id. at 4.

It is now well-settled that "[t]he failure to exhaust administrative remedies is an affirmative defense." Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004). The plaintiff's claim should be

dismissed with prejudice when the defendant raises the plaintiff's failure to exhaust administrative remedies and the plaintiff cannot justify it. Rodriguez v. Westchester County Jail Corr. Dep't, 372 F.3d 485, 487 (2d Cir. 2004) ("[A] prisoner's complaint should be dismissed with prejudice where administrative remedies were available for a reasonable length of time and were not exhausted 'in the absence of any justification.'") (quoting Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004)). If, however, the defendant neglects to raise the plaintiff's failure to exhaust all administrative remedies as an affirmative defense, then the defendant may be barred from presenting it to the court. Johnson, 380 F.3d at 695 ("We today . . . hold that this defense is waiveable.").

Additionally, "in some circumstances, the behavior of the defendants may render administrative remedies unavailable." Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). The Court explained that if a complainant filed a grievance in accordance with proper procedure and the defendant failed to respond, "there might be a question as to the availability of remedies . . . ." Id. at 687 n. 6 (citing to other circuits).

Here, assuming the truth of plaintiff's complaint, plaintiff was assaulted by four corrections officers on April 7, 2004, and filed a grievance form with the Suffolk County Sheriff's Office on or before April 21, 2004. However, as of May 20, 2005, the Suffolk County Correctional Facility's grievance coordinator had not issued a written decision concerning the alleged assault within five days of receiving plaintiff's grievance form, as required by the Suffolk County Inmate Grievance Program. As a result, under Hemphill, plaintiff is deemed solely for purposes of this Report to have exhausted all of the available administrative remedies. Nevertheless, plaintiff's claim should be dismissed on the merits for the reasons discussed below.

III.    Plaintiff's Claim Should Be Dismissed on the Merits

"42 U.S.C. § 1983 provides that '[e]very person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (quoting 42 U.S.C. § 1983). The County of Suffolk is deemed to be a person within the context of plaintiff's § 1983 action. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). See also Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) ("Municipalities are included among those persons to whom § 1983 applies."). This Court will construe the pro se plaintiff's § 1983 allegations liberally. Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.") (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

### A. Municipal Liability Pursuant to 42 U.S.C. § 1983

The United States Supreme Court held that a municipal entity could be sued for constitutional rights violations pursuant to 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 611 (1978). As the Court stated, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. See also City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To establish a Monell claim, "A plaintiff must show 'a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Odom v. Poirer, No. 99 Civ. 4933, 2004 U.S. Dist. LEXIS 25059, at *45 (S.D.N.Y. Dec. 10, 2004) (quoting City of Canton, Ohio, 489 U.S. at 385). See also

Greenfield v. City of New York, No. 99 Civ. 2330, 2000 U.S. Dist. LEXIS 1164, at *29 (S.D.N.Y. Feb. 3, 2000) ("Any analysis of an allegation of municipal liability under § 1983 begins with 'the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'") (quoting City of Canton, Ohio, 489 U.S. at 385).  Further, as the Supreme Court has noted, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 611 (1978).

Here, in order to establish municipal liability under Monell, plaintiff is required to allege a causal connection between a Suffolk County policy and the alleged April 7, 2004 assault.  Plaintiff here claims, although inartfully, that Suffolk County maintained a custom or policy of inadequate training and supervision with respect to the four unidentified corrections officers who allegedly assaulted him.  Construing the complaint liberally in favor of the pro se plaintiff, as the Court must do in these circumstances, the pleading is adequate to assert a claim of municipal liability, for purposes of this Report and Recommendation.  The complaint is deficient, however, because the alleged federal tortfeasors have not been identified and brought into this action, as discussed below.

### B. Failure to Identify a Tortfeasor

In general, the plaintiff must identify the tortfeasor before filing his suit.  Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997) (per curium) ("[A] tort victim who cannot identify the tortfeasor cannot bring suit.").  With respect to pro se litigants who are incarcerated, the Second Circuit has held that the party need not set forth the defendants' true identities until such information can be learned through discovery. Peterson v. Tomaselli, No. 02 Civ. 6325, 2004 U.S. Dist. LEXIS 19765, at *15-16 (S.D.N.Y. Sept. 30, 2004). A court can dismiss a prisoner plaintiff's action once

it is clear that the plaintiff has had an opportunity to obtain information about the tortfeasors' identities through discovery. Griffin v. N.Y. City Dep't of Corr. Rikers Island, No. 91 Civ. 1694, 1993 U.S. Dist. LEXIS 11420, at *5 (S.D.N.Y. Aug. 17, 1993). See also Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ("[C]ourts have rejected the dismissal of suits against unnamed . . . defendants identified only as 'John Doe's,' . . . until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials.") (internal citations omitted); Palacios v. Doe, No. 95 Civ. 6855, 1997 U.S. Dist. LEXIS 11871, at *4 (S.D.N.Y. Aug. 12, 1997).

Despite a court order directing the parties to complete discovery on or before May 15, 2005, plaintiff failed to participate in discovery and neglected to respond to the defendants' interrogatories and requests for depositions. The formerly incarcerated plaintiff therefore squandered his opportunity to learn the identities of the unidentified corrections officers.

Accordingly, plaintiff's action should be dismissed on the failure to identify a federal tortfeasor whose unlawful act could serve as a predicate for municipal liability against the defendant, Suffolk County, under the Monell doctrine.

## RECOMMENDATION

For the foregoing reasons, this action should be dismissed pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(C), and 41(b). Notwithstanding the fact that plaintiff did exhaust the available administrative remedies, this action should also be dismissed on the basis of plaintiff's failure to identify the individual tortfeasors.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within twenty (20) days of the date of this report. Failure to file

objections within twenty (20) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Defendants' counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: August 4, 2005
      Central Islip, New York

                                              /s/ E. Thomas Boyle
                                              E. THOMAS BOYLE
                                              United States Magistrate Judge